IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST COMMUNICATIONS LIMITED, and RMAIL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> STRONGMAIL SYSTEMS, INC., et al., <br><br> Defendants. | § § § § § § § § § § § § § CASE NO. 2:12-cv-515-JRG |

**OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is StrongMail Systems, Inc.'s ("StrongMail") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 10). StrongMail contends that the Northern District of California (NDCA) is a more convenient forum than the Eastern District of Texas (EDTX). The Court, having considered the motion and related briefing, **DENIES** StrongMail's motion to transfer venue because the balance of the private and public factors fails to demonstrate that the transferee venue is clearly more convenient.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

RPost Holdings, Inc., RPost Communications Limited, and RMail Limited (collectively, "RPost") sued StrongMail on August 24, 2012 for infringement of U.S. Patent Nos. 7,966,372 ("the '372 patent"); 8,161,104 ("the '104 patent"); 8,209,389 ("the '389 patent"); and 8,224,913 ("the '913 patent"). (*See* Complaint, Dkt. No. 1.) StongMail filed the present motion to transfer venue on January 16, 2013. On February 11, 2013, RPost filed an amended complaint to add

U.S. Patent No. 6,182,219 ("the '219 patent") and twenty-seven new defendants[1] who are alleged to be customers of StrongMail. (*See generally* Amended Complaint, Dkt. No. 15.) The twenty-seven new defendants do not join in StrongMail's motion to transfer.

Also pending before the Court are eighteen (18) related cases filed by RPost. Half of those related cases involve the '104, '389, and '913 patents and the other half involve at least the '219 patent and, in some cases, the '372 patent.

### III.  LEGAL STANDARDS

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of America, Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008). District courts have "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The initial question in applying the provisions of § 1404(a) is whether the suit could have originally been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*),

---

[1] The twenty-seven defendants are Viacom, Inc.; Verizon Communications, Inc.; Marketo, Inc.; The University of Phoenix, Inc.; Netflix, Inc.; T. Rowe Price Insurance Agency, Inc.; eHarmony, Inc.; ADP Dealer Services, Inc.; Intuit Payments Inc.; Vonage America Inc.; Xerox Corporation; Overstock.com, Inc.; Affiliated Computer Services, Inc.; Ticketmaster, L.L.C.; Putnam Investments, Inc.; Putnam Investments, LLC; Equifax Information Services LLC; Mastercard International Inc.; Mastercard Inc.; Intercontinental Hotels Group Resources, Inc.; Authorize.net Holdings, Inc.; Authorize.net Corp.; Authorize.net LLC; Thompson Reuters Holding Inc.; Thompson Reuters U.S.A. Inc.; and Thompson Reuters U.S. LLC.

371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the Court considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315.

## IV. ANALYSIS

### A. Proper Venue

StrongMail is a Delaware corporation with its principal place of business in Redwood City, California. RPost does not dispute that this case could have originally been brought in the Northern District of California, so the initial threshold in this case has been met. An analysis of the public and private interests cited above must next be considered and weighed.

### C. Private Interest Factors

#### i. Relative Ease of Access to Sources of Proof

Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor. *See Volkswagen II*, 545 F.3d at 316; *TS Tech*, 551 F.3d at 1321. Indeed, the Federal Circuit has indicated that access to an alleged infringer's proof is important to venue transfer analyses in patent infringement cases. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

StrongMail contends that the gravamen of this action is in NDCA because the design, development, and implementation of the accused electronic mail marketing services all take place in Redwood City, California. (Dkt. No. 10 at 3.) Therefore, it asserts, any and all evidence related to StrongMail's accused technology must be located in Redwood City. (*Id.*) StrongMail also notes that while it sells products nationwide, it only has 28 customers in Texas out of 593 total customers. (*Id.*) Additionally, StrongMail contends that it has no relevant documents in EDTX. (*Id.*)

Plaintiff RPost Holdings, Inc. is a Delaware company and has maintained a place of business in Plano, Texas, since February 2011. (Dkt. No. 11-1, Khan Decl.) Plano is within the EDTX. RPost Holdings, Inc. has a Vice President of Marketing who works from its Plano office. (*Id.*) One of RPost Communications, Ltd.'s directors also resides in adjoining Dallas, Texas. (*Id.*) With respect to evidence and sources of proof, RPost alleges that marketing and sales information relevant to its damages claim are stored in its Plano office. (*Id.*) In addition, RPost products that practice the asserted patents are sold to several customers in Texas, including Cox

Communications and SuddenLink Communications. (*Id.*) The Court finds that RPost's presence in this district is not "recent, ephemeral, and an artifact of litigation," and was not created to manipulate venue, as is alleged by StrongMail. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010); *see also RMail Ltd. v.DocuSign, Inc.*, 2012 WL 1416299 (E.D. Tex. April 24, 2012).

Since the present motion was filed, twenty-seven other defendants have been added to this case. One of the new defendants, Affiliated Computer Services, Inc., is based in Dallas, Texas. (Dkt. No. 16, n. 2.) Five others are located in Northern California. (*Id.*) The remaining twenty-one (21) added defendants are scattered throughout the United States. (*Id.*) Notably, none of these co-defendants have joined in StrongMail's request to transfer venue to NDCA. Also, StrongMail has not sought a severance from these co-defendants. As a result, the Court has no information on where sources of proof for each of the twenty-seven new defendants are located, who their relevant witnesses may be, or any evidence on which to assess their convenience with respect to this transfer analysis.

Under § 1404(a), the movant bears the burden to clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Volkswagon II*, 545 F.3d at 315. The Court must take into account the convenience of ***all*** the parties and witnesses in weighing the factors for transfer. Where a transfer may increase the convenience for one defendant while potentially inconveniencing the multiple remaining defendants (in addition to the plaintiff), the movant has not met its burden. The Court finds that StrongMail's assertion that the addition of these twenty-seven new co-defendants does not change the venue analysis to be incorrect. On the contrary, the absence of any specific information bearing on the convenience or inconvenience of each additional co-defendant can only weigh against StrongMail's transfer

request. Where, as here, StrongMail has failed to meet (or even address) the burden imposed upon it as a movant, the Court finds this factor weighs against transfer.

### ii.   Availability of Compulsory Process

The second private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316.  Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.*

Here, RPost identified six Texas prior art witnesses who are within this Court's subpoena power. (Dkt. No. 11 at 6.) In its reply brief, StrongMail answered by identifying twenty-six prior art witnesses who reside within the boundaries of NDCA. (Dkt. No. 16 n. 8.) The balance of identified third-party prior art witnesses are scattered throughout the United States. (Dkt. No. 17 at 3.) More importantly, the inventors of the asserted patents are located within Southern California, Illinois, and Israel. Each of those locations is more than 100 miles from both the San Francisco and Marshall courthouses. Clearly it is the case that neither district has absolute subpoena power over all potential non-party witnesses.

Considering the facts presented, StrongMail has not shown that NDCA would be any better in this regard than EDTX. Accordingly and given the logistical realities, the Court finds this factor is, at best as to this movant, neutral.

### iii.   Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 556 F.3d at 1342.  The Court in *Volkswagen I* explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

371 F.3d at 205. Although the court must consider the convenience of both the party and non-party witnesses, "it is the convenience of non-party witnesses…that is the more important factor and is accorded greater weight in a transfer of venue analysis." *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *see also id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765-66 (E.D. Tex. 2009).

The non-party witnesses identified by RPost and StrongMail in the Court's discussion of the second factor show that they are spread across the country and overseas, including some in California and Texas. With respect to party witnesses, StrongMail identified four employees from its Redwood City office: Tim McQuillen, William Griffin, Tulsi Ram Mayala, and Harvinder Walia. (Dkt. No. 16 at 1.) On the other hand, RPost identified its Vice president of Marketing located in Plano, Texas, and a director who resides in Dallas, Texas. (Dkt. No. 11-1, Khan Decl.) As before, the Court has been supplied with no information on the willing witnesses related to the other twenty-seven defendants in this case, except that they are likely scattered across the country. Once again, StrongMail has failed to address its burden as the movant. The Court finds this factor is neutral as to transfer.

   *iv.*  *Other Practical Problems*

Practical problems include those that are rationally based on judicial economy. *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 2010 WL 3835762, at *6 (denying a request to sever defendants), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *see also Volkswagen II,* 566 F.3d

1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice … [T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Court leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.")).

Also pending before the Court are eighteen cases related to the present action. Nine of such related actions involve three of the patents asserted in this case: the '104, '389, and '913 patents.

    1. *RPost Holdings, Inc. et al. v. Constant Contact, Inc.*, 2:12-cv-510-JRG;
    2. *RPost Holdings, Inc. et al. v. Epsilon Data Management, LLC*, 2:12-cv-511-JRG;
    3. *RPost Holdings, Inc. et al. v. ExactTarget, Inc.*, 2:12-cv-512-JRG;
    4. *RPost Holdings, Inc. et al. v. Experian PLC et al.*; 2:12-cv-513-JRG;
    5. *RPost Holdings, Inc. et al. v. Responsys, Inc.*; 2:12-cv-514-JRG;
    6. *RPost Holdings, Inc. et al. v. Strongmail Systems, Inc.*, 2-12-cv-515-JRG;
    7. *RPost Holdings, Inc. et al. v. Vocus, Inc.*, 2:12-cv-516-JRG;
    8. *RPost Holdings, Inc. et al. v. Infogroup, Inc. et al.*, 2:12-cv-517-JRG; and
    9. *RPost Holdings, Inc. et al. v. Docusign, Inc. et al.*, 2:12-cv-683-JRG.

The other nine related actions involve the remaining two asserted patents: the '219 patent and, in some cases, also the '372 patent.

    1. *RMail Ltd. v. Amazon.com, Inc. et al.*, No. 2:10-cv-258-JRG;
    2. *RPost Holdings, Inc. et al. v. Readnotify.com Pty Ltd. et al.*, No. 2:11-cv-16-JRG;
    3. *RPost Holdings, Inc. et al. v. Zix Corp.*, No. 2:11-cv-64-JRG;
    4. *RPost Holdings, Inc. et al. v. Privasphere AG*, No. 2:11-cv-150-JRG;
    5. *RPost Holdings, Inc. et al. v. Kagan*, No. 2:11-cv-00238-JRG;
    6. *RPost Holdings, Inc. et al. v. Comprova.com Informatica S/A*, No. 2:11-cv-262-JRG;
    7. *RMail Ltd. et al. v. Docusign, Inc.*, No. 2:11-cv-299-JRG;
    8. *RMail Ltd. et al. v. Right Signature, LLC et al.*, No. 2:11-cv-300-JRG; and
    9. *RPost Holdings, Inc. et al. v. Adobe Sys. Inc. et al.*, No. 2:11-cv-325-JRG.

To transfer this case to NDCA while eighteen related cases involving the same asserted patents remain in EDTX would unavoidably risk duplicative proceedings involving the same or

similar issues between different district courts and give rise to the inherent danger of potentially inconsistent rulings and constructions. Due to such real and practical dangers, the Court finds that the traditional notions of judicial economy lead the Court to find that the "Other Practical Problems" factor weighs heavily against transfer in this case.

### D. Public Interest Factors

Having addressed the private interest factors in the § 1404(a) transfer analysis, the Court now turns to the public interest factors. The only two factors the parties dispute are court congestion and local interest. The parties concede that the other factors are neutral.

#### i. Court Congestion

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. *Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id*. StrongMail argues that NDCA is less congested because it has fewer patent cases compared to EDTX. (Dkt. No. 16 at 5.) RPost responds that statistics show that the time to trial in EDTX is faster at 2.17 years compared to the time to trial in NDCA of 2.72 years. (Dkt. No. 17 at 5.) This difference of six months is not substantial and renders this factor as weighing slightly against transfer.

#### ii. *Local interest in having localized interests decided at home*

The Court must consider local interest in the litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing

9

products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

StrongMail contends that NDCA has a greater localized interest in this case than EDTX because the vast majority of likely witnesses and evidence is located in Redwood City. (Dkt. No. 10 at 10.) In response, RPost asserts that it too has witnesses and evidence in EDTX, so citizens in EDTX likewise have an interest in adjudicating this dispute. (Dkt. No. 11 at 10.) On balance, this factor is neutral.

## VI. CONCLUSION

On weighing the evidence, three factors weigh against transfer and three factors are neutral. No factor clearly favors transfer. The balance of the private and public factors demonstrates that StrongMail has fallen short of meeting its burden to show that transfer is clearly more convenient. Accordingly, transfer to the Northern District of California is **DENIED**.

While the Court notes that the addition of twenty-seven co-defendants to this case occurred after StrongMail's motion to transfer venue was filed, this Court cannot simply ignore the significant modification to the posture of this case, as StrongMail would prefer. The analysis of a motion to transfer, such as this, must remain rooted in the real world which considers the impact of twenty-seven new defendants who are all alleged to practice the same asserted patents via the same accused products. To do otherwise would be to allow the sequence of events to trump reality.

**So ORDERED and SIGNED this 19th day of August, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE